UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SPYRIDON C. CONTOGOURIS, et l** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-4609-MLCF-SS** |
| **WESTPAC RESOURCES, LLC, et al** | |

## ORDER

PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON PERSONAL JURISDICTION (Rec. doc. 28)

**DENIED**

The plaintiffs, Spyridon C. Contogouris and Stephen A. Baldwin, allege that three of the defendants, Westpac Resources, LLC, Patrick Smith and Kevin M. Costner ("Westpac defendants") defrauded them when the plaintiffs sold their interest in Ocean Therapy Solutions, LLC ("OTS") to the Westpac defendants. The plaintiffs contend that when they agreed to sell their OTS interests, the Westpac defendants did not disclose to them that there was a firm agreement to sell OTS equipment to BP after the April 20, 2010 spill. The plaintiffs allege six causes of action: (1) the Westpac defendants violated Rule 10(b)(5) of the Securities Exchange Act of 1934; (2) pursuant to La. Civ. Code Ann. art. 1949, there were errors which vitiated their consent to the sale of their OTS interests; (3) pursuant to Civil Code Articles 1948 and 1953, the Westpac defendants defrauded them; (4) a fourth defendant, Rabobank, N.A. ("Rabobank"), was negligent in permitting the Westpac defendants to open an account in the name of OTS which facilitated the fraud; (5) Westpac Resources, LLC is liable for the acts of its agents, Smith and Costner; and (6) Costner is liable for the acts of Smith and others. The relief includes a request for a judgment against Rabobank for such damages as may have been caused by its negligence and unauthorized transfer of OTS funds. Rec. doc. 36 at 55. Plaintiffs alleged that: (1) Rabobank is organized and exists under the laws of a state

other than Louisiana; (2) it has its principal place of business in California; and (3) it "had minimum contacts with the State of Louisiana and is subject to the personal jurisdiction of this Court." Id. at 3.

All of the defendants filed motions to dismiss. Rec. docs. 47, 51 and 52. Rabobank argues that the plaintiffs' complaint should be dismissed because it fails to plead any facts stating a claim against it and it is not subject to jurisdiction in Louisiana. Rec. doc. 51. The plaintiffs filed a motion for leave to conduct limited discovery regarding their allegation that the Court has personal jurisdiction over Rabobank. Rec. doc. 57.

In Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 429 (5th Cir. 2005), the Fifth Circuit held that the appellants were not prejudiced by the district court's refusal to allow them to pursue discovery of facts supporting their contention that general jurisdiction could be exercised over the defendant through the single business enterprise doctrine. The Fifth Circuit stated that the appellants did "not make even a preliminary showing of jurisdiction." Id. The Fifth Circuit cited Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir.2003) with approval. The Third Circuit stated that "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery should be sustained." Id. at 456 (internal quotations and citation omitted). The plaintiffs contend that their amended complaint presents allegations which entitle them to jurisdictional discovery.

The allegations against Rabobank appear on pages 21-25, 42, 52 and 53 of the amended complaint. Rec. doc. 36. The plaintiffs allege that: (1) on June 11, 2010, Rabobank wired $190,000 from the account of a Westpac defendant to the plaintiffs' accounts in Louisiana; (2) on June 14, 2010, the Westpac defendants secretly caused an account to be opened in the name of OTS at

Rabobank which was not authorized by OTS; (3) on June 16, 2010, a payment of $18 million from BP to OTS was deposited into this account; (4) on June 18, 2010, the Westpac defendants caused the transfer of funds from the OTS Rabobank account to a Westpac defendant Rabobank account; (5) the final payments to the plaintiffs for their OTS interests were made with money wired from the Westpac defendant's Rabobank account; (6) the money used by the Westpac defendants to acquire the plaintiffs' OTS interests came from the Westpac defendant's Rabobank account with funds received from the OTS Rabobank account; (7) Rabobank negligently opened the OTS account; and (8) it negligently participated in the conversion of OTS funds.

    All of the activity alleged by plaintiffs regarding Rabobank occurred in California except for the payments wired by Rabobank from the account of a Westpac defendant to plaintiffs' accounts in Louisiana on about June 11 and 18, 2010. The plaintiffs also make the conclusory statement that Rabobank had minimum contacts with the State of Louisiana and is subject to the personal jurisdiction of this Court. Pretermitting the issue of whether Rabobank's wire transfers to the plaintiffs' accounts in Louisiana are sufficient minimal contacts, the plaintiffs have not presented any other factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between Rabobank and the forum state. The plaintiffs' conclusory allegation of minimal contacts is not sufficient to warrant limited discovery.

    IT IS ORDERED that plaintiffs' motion for leave to conduct limited discovery on personal jurisdiction (Rec. doc. 57) is DENIED.

    New Orleans, Louisiana, this 5th day of May, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**