UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPYRIDON CONTOGOURIS, ET AL | CIVIL ACTION |
| VERSUS | NO. 10-4609 |
| WESTPAC RESOURCES, LLC, ET AL | SECTION "F" |

ORDER & REASONS

Before the Court is the plaintiffs' objection, request for review, reconsideration and appeal of Magistrate Judge Shushan's May 5, 2011 Order denying plaintiffs' motion for leave to conduct limited discovery on personal jurisdiction. For the following reasons, the Magistrate's Order is AFFIRMED as not clearly erroneous or contrary to law.

**Background**

The plaintiffs, Spyridon C. Contogouris and Stephen A. Baldwin, allege that three of the defendants, WestPac Resources, LLC, Patrick Smith and Kevin M. Costner defrauded them when the plaintiffs sold them their interest in Ocean Therapy Solutions, LLC (OTS). The plaintiffs contend that when they agreed to sell their OTS interests, the WestPac defendants did not disclose to them that there was a firm agreement to sell OTS equipment to BP after the April 20, 2010 spill, thereby making their interests more valuable.

Relevant to this motion, plaintiffs alleged that Rabobank, N.A., an entity organized and existing under the laws of a state other than Louisiana with its principal place of business in

1

California, had minimum contacts with the State of Louisiana because it allowed WestPac, Costner, and Smith to open a bank account in OTS's name and processed two wire transfers initiated by Rabobank accountholders.

Rabobank previously moved the Court to dismiss the claims against it, asserting in part that it is not subject to jurisdiction in Louisiana. While Rabobank's motion was pending, the plaintiffs filed a motion for leave to conduct limited discovery regarding their allegation that the Court has personal jurisdiction over Rabobank. Magistrate Shushan denied that motion, finding the plaintiffs' conclusory allegation of Rabobank's minimal contacts was not sufficient to warrant limited discovery. After this motion was denied, the Court granted Rabobank's motion, finding insufficient contacts based on allegations that suggested Rabobank's role was merely passive. The Court dismissed Rabobank from this lawsuit.

The plaintiffs now appeal Magistrate Shushan's Order.[1]

## Law & Analysis

I.

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). If a party objects to a

---

[1] This Court is able to conclude that the plaintiffs' objections lack merit and affirms the Magistrate's decision. Mootness is not raised as an issue.

magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Moody v. Callon Petroleum Operating Co., 37 F. Supp. 2d 805, 807 (E.D. La. 1999) ("The 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed.'").

## II.

When a party seeks jurisdictional discovery, the Court has discretion as to the type and amount of discovery to permit. Walk Haydel & Assocs. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008). The U.S. Court of Appeals for the Fifth Circuit instructs that "discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact," Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 855 (5th Cir. 2000), yet suggests that if "a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 429 (5th Cir. 2005). But, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."

Kelly, 213 F.3d at 845. A district court ultimately "has discretion as to the type and amount of discovery to allow." Walk Haydel, 517 F.3d at 241.

Because it was clear from the pleadings and papers submitted on this record that the Court lacks personal jurisdiction over Rabobank, the Court previously dismissed Rabobank. For those same reasons, and because and the plaintiffs offer no other plausible basis to show why jurisdictional discovery was proper, Magistrate Shushan's denial of jurisdictional discovery was proper.

Accordingly, Magistrate Judge Shushan's Order is AFFIRMED. So ORDERED.

New Orleans, Louisiana, June 20, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE