\*\*\* TO BE FILED UNDER SEAL \*\*\*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPYRIDON C. CONTOGOURIS, ET AL. | CIVIL ACTION |
| Versus | NO: 10-4609 |
| PACIFIC WEST RESOURCES, LLC, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiffs' motion to review the Magistrate Judge's decision of April 2, 2012, denying their motion to compel discovery from the defendants. For the reasons that follow, the Magistrate Judge's decision is AFFIRMED.

I. Background

Plaintiffs moved to compel discovery on March 30, 2012, which the Magistrate Judge denied on April 2, 2012. Plaintiffs now ask this Court to review the Magistrate Judge's decision.

In their motion to compel, plaintiffs sought (a) an unredacted copy of Costner 00062-62 for in camera review; (b) non-privileged attachments to emails that evidence various draft versions of the agreement between OTS and BP Exploration and Production, Inc.; and (c) all post-March 20, 2011 documents which are responsive to plaintiff's discovery requests propounded to date.

II. Discussion

A magistrate judge is afforded broad discretion in the

resolution of non-dispositive motions.  See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is "clearly erroneous or contrary to law."  See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Moody v. Callon Petroleum Operating Co., 37 F. Supp. 2d 805, 807 (E.D. La. 1999) ("The 'clearly erroneous' standard requires that the court affirm the decision of the Magistrate Judge unless 'on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed.'").  The Magistrate Judge's decision in this case to deny plaintiffs' motion to compel was neither clearly erroneous, nor contrary to law.

With respect to Costner's document 00062-63, the Court finds that Magistrate Judge Shushan had ample discretion to decide whether she wanted to examine the document in camera.  Her decision not to do so is not clearly erroneous.  Plaintiffs have not asserted claims for breach of fiduciary duty, so any document from Costner tending to show attempts by the defendants to compete with OTS and potentially damage the interests of other members would be irrelevant as the plaintiffs' claims are framed.

As for plaintiffs' request for all relevant post-March 20, 2011, documents, the Court agrees with the defendants that such a

request is overly broad, and untimely.  The plaintiffs failed to object to the discovery cut-off at March 20, 2011.  That cut-off date (agreed to by the plaintiffs) appears to have given the parties ample scope for discovery given that all conduct forming the basis of the plaintiffs' claims allegedly occurred in the early summer of 2010.

Last, defendants cannot be made to produce attachments to emails that they do not have.

Accordingly, IT IS ORDERED: the Magistrate Judge's decision on the plaintiffs' motion to compel is AFFIRMED.

New Orleans, Louisiana, May 2, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE