UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SPYRIDON C. CONTOGOURIS, ET AL.                CIVIL ACTION

Versus                                          NO: 10-4609

WESTPAC RESOURCES, ET AL.                       SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion for a new trial. For the reasons that follow, the motion is DENIED.

I. Background

The facts of this case are well known by now. See Order and Reasons dated March 30, 2012. On the morning of trial, the Court granted the defendants' motion in limine to exclude evidence of Patrick Smith's prior "bad acts." The Court held that the danger of unfair prejudice resulting from the presentation of such evidence would substantially outweigh its probative value in this case under FRE 403.

Following an eight day jury trial, and pursuant to the jury's verdict, the Court entered judgment in favor of the defendants. Plaintiffs now move the Court for a new trial.

II. Standard of Review

Federal Rule of Civil Procedure 59(a)(1)(A) provides that: "The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows [...] after a jury trial, for any reason for which a new trial has heretofore been

1

granted in an action at law in federal court. . . ."  The United States Court of Appeals for the Fifth Circuit has explained that a new trial is only appropriate where "the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed during its course."  Smith v. Transworld Drilling Co., 773 F.2d 610, 612-613 (5th Cir. 1985).  In addition, "[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great not merely the greater weight of the evidence."  Conway v. Chemical Leaman Tank Lines, Inc., 610 F.2d 360, 363 (5th Cir. 1980).  A Court's decision whether to grant a new trial is reviewed for abuse of discretion.  Id.  "Factors militating against new trials [...] are simplicity of the issues, the degree to which the evidence was in dispute, and the absence of any pernicious or undesirable occurrence at trial."  Id.

### III. Analysis

Plaintiffs move the Court for a new trial on two grounds: (1) that the Court erred in granting the defendants' motion in limine excluding evidence of Smith's bad acts; and (2) because the jury's verdict is contrary to the great weight of the evidence, and is a miscarriage of justice.

#### A. Exclusion of "bad acts" evidence

The Court is persuaded that its ruling on the defendants'

motion in limine was correct, and did not lead to a miscarriage of justice at trial.  Rule 403 of the Federal Rules of Evidence permits the Court to exclude otherwise relevant evidence where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As an initial matter, the Court notes that plaintiffs' assertion that the Court prevented the plaintiffs from inquiring into certain bad acts evidence is simply incorrect.[1]  Specifically, the jury heard evidence that Patrick Smith allegedly stole money from Ted Skokos, an investor in the company at the center of the trial.  The Court permitted that evidence once Patrick Smith opened the door to attacks on his credibility by testifying as to his good character at trial.  And plaintiffs

---

[1] The bad acts were: Smith's default on an obligation to repay $194 million to New York banks in connection with a Snowmass, Colorado real estate development, which plaintiffs intended to offer as proof of financial motive; (b) Smith's misleading statements in opening an unauthorized bank account for OTS at Rabobank, an account which enabled Smith to use OTS' money to purchase plaintiff's interest in the company; (c) Smith's theft of a $1.045 million loan made by Ted Skokos's charitable fund to OTS; (d) Smith's misappropriation of millions of dollars from OTS and Pacific West Resources; (e) Smith's submission of a false financial statement to an Italian investor, Gian Angleo Perucci, which induced Perucci to invest $3.75 million, in Blue Planet Solutions, and whose money was used to facilitate the buyout of John Houghtaling; and (f) Smith's theft of monies from OTS by disguising them as expense reimbursements for expenses that were never incurred.

also were permitted to present testimony to try to establish that the California Rabobank account was unauthorized, and that Patrick Smith claimed false expenses from OTS.  All that was put into evidence.  Plaintiffs' assertions that the Court prevented them from examining these issues by granting the defendants' motion in limine is simply untrue.  As to these issues, the jury had ample opportunity to assess Smith's credibility.  As to other such conduct, one could only conclude it was plaintiffs' certain hope to use evidence whose purpose was unfair prejudice, rather than something of probative value.

As to other bad acts evidence, the Court stresses that such evidence was at best remotely relevant to the plaintiffs' claims in this case that they were misled by defendants.  The Court held then and now that the probative value of the excluded evidence would have been far outweighed by the danger of unfair prejudice to Patrick Smith.  In addition, presentation of such evidence would have wasted time, caused undue delay, and posed a significant risk of confusing the jury.  Smith's record of business conduct has been far from admirable.  And that conduct which should have been admitted at trial on the issue of his prior bad acts, was admitted.

### B. Miscarriage of Justice

Plaintiffs also take issue with the fact that despite supposedly "uncontroverted evidence" proving that material

information was withheld from the plaintiffs prior to the sale of their OTS interests, the jury nonetheless found that the defendants did not conceal information from them.[2]  According to plaintiffs, this means that the jury's verdict went against the great weight of the evidence, and therefore represents a miscarriage of justice.  But it is simply inaccurate for the plaintiffs to claim that these issues were established by uncontroverted evidence.  To the contrary: conflicting evidence was presented on these issues by both sides.  It was entirely proper for a reasonable jury, as the trier of fact, to weigh the evidence and arrive at its conclusion.  In addition, plaintiffs fail to contend with a glaring reality, which is fatal to their position, that a miscarriage of justice occurred here: the jury specifically found that the plaintiffs had confirmed the sale of their OTS interests "despite having knowledge of the defendants' misrepresentation, suppression or omission, or of plaintiffs' own error."  Confirmation of their sale and transfer agreement was

---

[2] Plaintiffs claim that the following were established beyond dispute: The proposed cash call was a sham; BP looked favorably on giving an advance to OTS; Ted Skokos had infused capital into the company; Defendants had agreed to divide their shares and the Levy shares; BP's Suttles indicated at the June 7 meeting that BP would place an order; a contract calling for an $18 million deposit had been prepared; an unauthorized and illegal bank account was formed and OTS' money was used to acquire their interest; and Smith had placed an order with CINC for the first 10 units on June 10, 2010, the day prior to the sale of plaintiffs' interests.  The jury assessed the evidence.  The Court cannot say that a reasonable jury could not have reached the verdict it did.

one of the trial's central issues.  Thus, even if the plaintiffs had been misled, the result of the trial would be the same on alternate grounds.[3]

Accordingly, IT IS ORDERED: the plaintiffs' motion for a new trial is DENIED.

New Orleans, Louisiana, July 23, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court would add that the jury in this case was, in the Court's decades of experience, the best jury this Court has ever observed.